**Raymond J. YATES, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 19157.

United States Court of Appeals Sixth Circuit.

Nov. 25, 1969.

Raymond J. Yates in pro. per.

Bernard J. Stuplinski, U. S. Atty., Timothy J. Potts, Asst. U. S. Atty., Cleveland, Ohio, on brief for respondent-appellee.

Before WEICK, Circuit Judge, and CECIL and O'SULLIVAN, Senior Circuit Judges.

PER CURIAM.

Raymond James Yates, petitioner-appellant, appeals from an order of the United States District Court for the Northern District of Ohio, Eastern Division, denying his motion to vacate sentences under Section 2255, 28 U.S.C. Yates is confined in the United States Penitentiary at Terre Haute, Indiana, under two four year concurrent sentences. He was convicted in a trial before a jury on indictment number CR 66–203 charging conspiracy and in a trial before the court on indictment number CR 66–204 charging a substantive offense. Both indictments involve the transportation of forged securities in interstate commerce. The securities in

question were American Express Money Orders which had been taken in the armed robbery of a drug store.

One of the conspirators, Bova, gave a written confession in the jail prior to trial which implicated Yates and other defendants. A motion was made to suppress this confession and other evidence alleged to have been taken by an illegal search and seizure. The district judge sustained the motion except as to the statement of Bova.

At the trial, under Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278, the court admitted the Bova statement but ordered that Yates' and other names be masked so that they could not be read by the jury. The judge ordered the clerk to photograph the masked statement and the photograph was offered in evidence as an exhibit. The judge personally inspected the masked document to see that all names except Bova's were obliterated. He also instructed the jury that it should not consider the masked document in connection with any defendant except Bova. Bova did not testify in his own behalf at the trial.

██ It is claimed on behalf of Yates that his identity was not sufficiently concealed by the masked document to avoid the type of prejudice that was proscribed by Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476. This opinion was handed down by the Supreme Court a few days after Yates' conviction was affirmed by our Court.

The district judge held that the standard of Bruton, supra, was not violated by the admission of Bova's statement in the form in which it was admitted. We agree. The case at bar is distinguishable on its facts from the Bruton case. By the time Bruton got to the Supreme Court the conviction of the petitioner's co-defendant, whose confession was involved, had been reversed by the Court of Appeals on the ground that the con-

fession should not have been admitted into evidence. Thus Bruton may have been prejudiced by a confession which should not have been admitted in the first place. However, we understand that the Bruton principle is not limited to that particular fact.

The Court said in Bruton at page 135, 88 S.Ct. at page 1627,

"We agree that there are many circumstances in which this reliance (that the jury will follow instructions) is justified. Not every admission of inadmissible hearsay or other evidence can be considered to be reversible error unavoidable through limiting instructions; instances occur in almost every trial where inadmissible evidence creeps in, usually inadvertently. 'A defendant is entitled to a fair trial but not a perfect one.' (Citations omitted.) It is not unreasonable to conclude that in many such cases the jury can and will follow the trial judge's instructions to disregard such information."

We think this is such a case. The trial judge took adequate precaution to avoid any prejudice to Yates by reason of the admission of Bova's confession. It appears to us that he satisfactorily did so and we also rely on his judgment that he accomplished his purpose.

██ It is further claimed that the appellant's constitutional rights were violated because he was excluded from the hearing to suppress evidence. We find no merit to this claim. If there were any error in this regard it did not affect the substantial rights of the appellant. (Rule 52(a) F.R.Cr.P.) The extent of the adverse ruling to the appellant from this hearing was the admission of the Bova confession in its masked form. We have held that this did not prejudice the appellant.

The judgment of the District Court is affirmed.