**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Melvin REYNOLDS and Herbert Brown,
Defendants-Appellants.
Nos. 73–1294 and 73–1295.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 19, 1973.

Decided Dec. 21, 1973.

Joseph P. Zanglin, Detroit, Mich. (Court-Appointed), on brief, for Melvin Reynolds.

Martin Reisig, Detroit, Mich. (Court-Appointed), on brief, for Herbert Brown.

Ralph B. Guy, Jr., U. S. Atty., William C. Ibershof, Asst. U. S. Atty., Chief, Crim. Div., Detroit, Mich., on brief, for plaintiff-appellee.

Before PHILLIPS, Chief Judge, and PECK and LIVELY, Circuit Judges.

JOHN W. PECK, Circuit Judge.

Melvin Reynolds and Herbert Brown were arrested and charged with violating federal narcotic laws in 1970. A single indictment naming Reynolds in each of four counts and Brown in the latter two was returned. There was no connection between counts one and two, and three and four on the face of the indictment, nor was conspiracy charged. After an unsuccessful attempt by Brown to have the case severed for separate trials, the initial trial was begun in September of 1972. It ended in a mistrial. The second trial was commenced on October 11, 1972, and it resulted in a jury verdict of guilty on all four counts. Reynolds was sentenced to concurrent terms of ten years on each of the four counts, and Brown received fifteen year concurrent sentences on counts three and four. Both Reynolds and Brown join in this appeal, but the issues raised are not identical.

▇ Brown raises the failure of the Trial Court to grant his pretrial motion for severance as prejudicial error. We find merit in this assertion. Rule 8(b) of the Federal Rules of Criminal Procedure provides in pertinent part as follows: "Two . . . defendants may be charged in the same indictment . . . if they are alleged to have participated in the same act . . . or series of acts . . . constituting an offense . . . . " In this case Reynolds was charged in counts one and two with the possession and sale of heroin in violation of 26 U.S.C. §§ 4704(a) and 4705(a), in that he sold heroin to an agent on March 5, 1970. In counts three and four Brown is charged jointly with Reynolds for illegal sale and unlawful possession of narcotics after illegal importation in violation of 21 U.S.C. § 174 in that they sold heroin to an agent on March 10, 1970. It is clear from the evidence offered by the government that Brown had no connection with the separate offenses charged in counts one and two.

"[T]he Rules do not permit cumulation of prejudice by charging defendants with similar but unrelated offenses." Cupo v. United States, 123 U.S.App.D. C. 324, 359 F.2d 990, 993 (1966). "[W]here multiple defendants are charged with offenses in no way connected, and are tried together, they are prejudiced by that very fact, and the trial judge has no discretion to deny relief." Ingram v. United States, 272 F. 2d 567, 570 (4th Cir. 1959). The case before us is on all fours with Chubet v. United States, 414 F.2d 1018 (8th Cir. 1969), wherein two defendants were jointly tried on an indictment of six counts which named one defendant in all six counts and the other defendant in only two. The indictment alleged neither connection nor conspiracy. The Eighth Circuit held that the common thread in the indictment, the defendant named in every count, "is an insufficient basis for jointly trying the defendants." Chubet v. United States, *supra* at 1020.

In denying the motion to sever in this case the trial judge allowed an impermissible joinder. The remedy is reversal of defendant Brown's convictions with orders for a new and separate trial.

▇ Defendant Reynolds attempts to take advantage of the severance issue by claiming prejudice to himself. We find no merit in this contention. Reynolds was charged in each count and the government offered evidence on each. No prejudice was possible in this situation.

Both defendants urge that their convictions and sentences be set aside and

vacated and the indictment dismissed because the government delayed the trial for over twenty-two months, thus denying their right to a speedy trial. In support of this contention they cite Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), wherein the Supreme Court set out certain factors to be used in determining the merit of an appeal based on the right to a speedy trial. The factors are length of the delay, reasons for the delay, assertion of the right, and prejudice to the defendant.

The delay in the present case was twenty-two months. "[B]ecause of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." Barker v. Wingo, *supra* at 530–531, 92 S.Ct. at 2192. In *Barker* a delay of five years was found tolerable under the circumstances of that case. A twenty-nine month delay was not a denial of the right to a speedy trial in United States v. DeLeo, 422 F.2d 487 (1st Cir.), cert. denied, 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648 (1970). The length of the delay is not the determinative factor in this case.

The government points out that the only reason for the delay in this case was the crowded court docket. The prosecutor did not ask for or receive any delays. We recognize the government's ultimate responsibility in bringing defendants to trial, but in light of the circumstances we find that the delay was *not caused by the government* and was not prejudicial in this case.

■ Although a defendant does not waive his right to a speedy trial by his failure to assert it, the lack of prior assertion is a factor in determining whether he is entitled to the relief available when a violation is discovered. "[F]ailure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." Barker v. Wingo, *supra*, 407 U.S. at 532, 92 S.Ct. at 2193. In the case before us neither Reynolds nor Brown asserted this right until after the convictions were obtained. In fact, the issue first appeared on August 8, 1973, in a pro se brief filed by defendant Reynolds nine months after sentence was pronounced, and three months after his attorney filed his appeal brief. This hardly indicates that defendants found the delay a hardship, and in view of the above facts we are reluctant to find one here.

■ The critical factor is prejudice to the defendant. If a defendant is exposed to excessive pretrial incarceration, caused great anxiety or concern, or for any other reason or in any way is impaired in the preparation of his defense, the resulting prejudice gives rise to a violation of his rights. Here, however, neither defendant was incarcerated on the charges involved in this case, and if either was caused anxiety or concern it is not reflected in the record. Further, neither defendant makes a serious argument that his defense was impaired by the delay. Defendants offered no evidence at trial, and the government's case, based almost exclusively on the testimony of federal agents, was very strong. It is clear that defendants were not prejudiced by the delay.

■ We conclude, in light of the above analysis, that defendants were not denied their right to speedy trial in this case.

■ Reynolds' main complaint is that the trial judge communicated with the jury outside the presence of defendant or his counsel. The record reveals that during jury deliberations the foreman asked the bailiff if the jury could have the height of defendant Reynolds. The bailiff relayed this inquiry to the judge's secretary who in turn repeated it to the judge. The judge, using the same communication system in reverse order, informed the jury it could have no additional information.

Rule 43, Fed.R.Crim.P., explicitly states that "The defendant shall be present . . . at every stage of the trial . . . ." The cases hold that it is error for the court to instruct or

communicate with the jury in the absence of counsel and without notice to them. Ah Fook Chang v. United States, 91 F.2d 805, 810 (9th Cir. 1937); United States v. Marken, 457 F.2d 186, 188 (9th Cir. 1972).

The rule requiring that a defendant be present at all stages of the trial must be considered together with Rule 52(a), Fed.R.Crim.P., which provides that harmless error is to be disregarded. United States v. Gradsky, 434 F.2d 880 (5th Cir. 1970); Yates v. United States, 418 F.2d 1228 (6th Cir. 1969). Thus, a forbidden communication does not constitute reversible error in every case. "The standard by which to determine whether reversible error occurred . . . is . . . whether there is 'any reasonable possibility of prejudice.'" Wade v. United States, 142 U.S.App. D.C. 356, 441 F.2d 1046, 1050 (1971). In the present case the judge told the jury it could have no further information. This communication did not create a reasonable possibility of prejudice.

■ Reynolds also asserts that the District Court erred in denying his motion for new trial because the government failed to prove that the sales of heroin, as alleged in counts two and three, occurred without a written order blank issued for that purpose by the Secretary of the Treasury. Similar arguments were rejected in United States v. Peterson, 424 F.2d 1357 (7th Cir. 1970); United States v. Hooks, 359 F.2d 584 (3rd Cir. 1966); and United States v. Palmiotto, 347 F.2d 223 (2d Cir. 1965). We likewise reject this argument.

A number of contentions are raised with respect to statements made by the prosecuting attorney during the trial and a claim is made that the remarks were prejudicial. While some of the remarks made by the prosecutor were unwise, none rises to the level of prejudice sufficient to require reversal. Viewed as a whole the record shows that defendant Reynolds received a fair trial.

For the reasons stated herein, the judgment of conviction is reversed as to Brown, and the cause remanded for further proceedings consistent herewith. The judgment is affirmed as to Reynolds.