**UNITED STATES of America,**
**Plaintiff,**

v.

**Lawrence A. SHAFER et al.,**
**Defendants.**

**No. CR 74-165.**

United States District Court,
N. D. Ohio, E. D.

March 29, 1974.

Robert Murphy, Paul Lawrence, John Hoyle, U. S. Dept. of Justice, Washington, D. C., for plaintiff.

Bernard Stuplinski, C. D. Lambros, Cleveland, Ohio, E. K. Wright, Dover, Ohio, Jack Schulman, Michael Diamant, Cleveland, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

BATTISTI, Chief Judge.

Defendants, Lawrence A. Shafer, William E. Perkins, and Mathew J. McManus, have moved for an order dismissing those portions of the indictment in this case which concern them, claiming that 18 U.S.C. Section 242, upon which the indictment is based, is vague and ambiguous, thus depriving them of their Fifth Amendment due process rights. Defendants James D. McGee, James E. Pierce, Ralph W. Zoller, and Barry W. Morris have made similar motions, relying in addition, on claims that 18 U.S.C. Section 2, on which Count I of the indictment is based, demands a punishment which is cruel and unusual, and on claims that these statutes are beyond the constitutional power of the Congress to enact.

■■ The Supreme Court has twice explicitly upheld the constitutionality of 18 U.S.C. Section 242 and its predecessors, first in Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1944), and again in Williams v. United States, 341 U.S. 97, 71 S.Ct. 576, 95 L.Ed. 774 (1950).

Furthermore, the Supreme Court, as well as all Courts of Appeals, have continued to sustain convictions under 18 U.S.C. Section 242 since the *Screws* and

*Williams* decisions. See, e. g. United States v. Price, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1965), and United States v. Georvassilis, 498 F.2d 883, (6th Cir. 1974). No relevant authority is cited to support the claim that 18 U.S.C. Section 2 demands a "cruel and unusual" punishment.

Therefore, it is clear that these Motions to Dismiss must be denied.

■ In addition, defendants James D. McGee and Ralph W. Zoller have moved for an order dismissing the indictment against them on the grounds that the government has admitted its inability to sustain the burden of proof. This motion refers to an unknown "memorandum" which purportedly contains a government admission that it cannot meet its burden of proof. The government denies both the existence and relevance of the supposed memorandum.

This motion appears to have no serious basis, and is denied.

■ In addition, defendants James D. McGee, James E. Pierce, Ralph W. Zoller, and Barry W. Morris have moved to dismiss the indictment against them, claiming that purported "leaks" from the government to unnamed sources in the press of "edited" versions of government memoranda constitute a deliberate campaign to subvert defendants' rights to due process of law.

These serious allegations appear to be based entirely on defendants' own suppositions and deductions, with no basis whatever in fact. The motion is denied.

Defendants Lawrence A. Shafer, Mathew J. McManus, and William E. Perkins have moved the Court for an Order severing the counts of the indictment and granting separate trials, claiming both that joint trials for all defendants would be prejudicial, and that use of confessions of one co-defendant which implicated another co-defendant might violate the Sixth Amendment Right of Confrontation as interpreted by the Supreme Court in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Defendants James D. McGee, James Pierce, Ralph W. Zoller, and Barry Morris have moved the Court for a similar order relying solely on the *Bruton* rule.

■ In general, under Federal Rules of Criminal Procedure 8(b) and 14, it is within the discretion of the Trial Court to try defendants accused of related crimes separately or jointly. United States v. Kahn, 381 F.2d 824 (7th Cir. 1967). The possibility of confusion which might prejudice one or all of the defendants must be weighed not only against the likelihood of avoiding such confusion through proper instructions from the Court, but also against the expense and inconvenience to the public and to witnesses in holding multiple trials. United States v. Barber, 296 F. Supp. 795 (D.Del.1969), affirmed 442 F.2d 517 (3rd Cir. 1971), cert. denied, 404 U.S. 958, 92 S.Ct. 327, 30 L.Ed.2d 275 (1971).

In the instant case, separate trials would cause the most extreme duplication of testimony by all witnesses, and would necessitate lengthy delays in the trials of most defendants. Any problems resulting from the joint trial will be dealt with through proper instructions.

The issue of confessions by co-defendants, dealt with by the Supreme Court in *Bruton, supra,* does not appear to pose insurmountable problems in this case. Under *Bruton,* severance is required only when, during a joint trial, a defendant's out-of-court confession is introduced, which implicates a co-defendant, the original defendant failing to testify himself.

■ Here, however, the statements of defendants which may be introduced by the government do not, for the most part, incriminate any of the other defendants. If any of the defendants feel that some references in such statements do incriminate other defendants, and if the makers of those statements will not testify at trial, the inadmissible portion of those statements will be excised before admission at trial. Yates v. United States, 418 F.2d 1228 (6th Cir. 1969);

486

United States v. Gray, 462 F.2d 164 (5th Cir. 1972). *See* Posey v. United States, 416 F.2d 545 (5th Cir. 1969), and United States v. Sims, 430 F.2d 1089 (6th Cir. 1970).

Severance of trials is, therefore, not required by any of the circumstances of the instant case. The motion is denied.

It is so ordered.