UNITED STATES of America, Appellee,

v.

**Benjamin RODRIGUEZ, Defendant-Appellant.**

**No. 1317, Docket 76–1188.**

United States Court of Appeals, Second Circuit.

Argued Aug. 17, 1976.

Decided Nov. 30, 1976.

---

Albert J. Krieger, New York City, and Joseph Beeler, Miami, Fla., for defendant-appellant Rodriguez.

John N. Bush, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. New York, Audrey Strauss, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before VAN GRAAFEILAND, Circuit Judge, and KELLEHER * and GAGLIARDI,** District Judges.

GAGLIARDI, District Judge:

On April 16, 1974 a two count indictment was filed charging Benjamin Rodriguez with attempting to evade payment of income tax for the year 1967, 26 U.S.C. § 7201, and with filing a materially false income tax return for the same year, 26 U.S.C. § 7206(1). After a twelve day jury trial in the United States District Court for the Southern District of New York before Robert L. Carter, J., Rodriguez was found guilty on both counts. He now urges reversal on several grounds, the most serious of which is his contention that the trial judge committed reversible error when, in response to a deadlock note sent by the jury, he sent instructions to it to continue deliberations without notifying counsel of the note and his response thereto. We turn first to this claim and the circumstances surrounding it.

At 3:45 P.M. on March 2, after the jury had been deliberating for one and one half days, Judge Carter received a note from the jury which indicated that the jurors felt they were unable to reach a unanimous verdict. Without informing counsel of the receipt of this note or its contents, Judge Carter sent a message to the jury instructing it to continue deliberating.[1] Two hours later the jury requested that the testimony of a crucial government witness be read. Judge Carter summoned counsel, the note was discussed, the relevant testimony was

---

* Of the Central District of California, sitting by designation.

** Of the Southern District of New York, sitting by designation.

1. Judge Carter was at that time conducting a hearing on an application for a preliminary injunction in another matter.

identified and read to the jury, and the jury retired. The judge then notified counsel for the first time that he had received the deadlock note two hours earlier. He informed counsel that he had instructed the jury to continue deliberating and that he was still of the opinion that continued deliberations were appropriate. Counsel for the defendant made no objection upon learning of Judge Carter's disposition of the earlier note. One hour after this colloquy the jury returned with its verdict of guilty. Rodriguez now contends that the District Court committed reversible error when it responded to the jury's deadlock note without first notifying counsel of it and soliciting their statements. We reject his contention.

Although we recognize that the preferred course is for the District Court to notify counsel of all communications from the jury, Rule 43, Fed.R.Crim.P., and we hold that the course followed here was erroneous, we find no plain error warranting reversal of the conviction. We hold instead that the error was harmless, for it did not prejudice the defendant, and may therefore be disregarded. Fed.R.Crim.P. 52(a). *See United States v. Reynolds,* 489 F.2d 4, 7–8 (6th Cir. 1973), *cert denied,* 416 U.S. 988, 94 S.Ct. 2395, 40 L.Ed.2d 766 (1974); *United States v. Arriagada,* 451 F.2d 487, 488 (4th Cir. 1971), *cert. denied,* 405 U.S. 1018, 92 S.Ct. 1300, 31 L.Ed.2d 481 (1972). *Cf. United States v. Schor,* 418 F.2d 26, 30 (2d Cir. 1969); *United States v. Crutcher,* 405 F.2d 239, 244 (2d Cir. 1968), *cert. denied,* 394 U.S. 908, 89 S.Ct. 1018, 22 L.Ed.2d 219 (1969); *United States v. Compagna,* 146 F.2d 524, 528 (2d Cir. 1944), *cert. denied,* 324 U.S. 867, 65 S.Ct. 912, 89 L.Ed. 1422 (1945).

Rule 43, *supra,* "guarantees to a defendant in a criminal trial the right to be present 'at every stage of the trial . .'." *Rogers v. United States,* 422 U.S. 35, 39, 95 S.Ct. 2091, 2095, 45 L.Ed.2d 1 (1975). Here, however, we find that the note from Judge Carter to the jury, directing it to continue deliberating, produced no "reasonable possibility of prejudice" to the defendant although sent without prior notice to counsel. *United States v. Reynolds, supra* at 8. *See*

*United States v. Toliver,* 541 F.2d 958, 965 (2d Cir. 1976), quoting *Walker v. United States,* 116 U.S.App.D.C. 221, 322 F.2d 434, 436 (1963), *cert. denied,* 375 U.S. 976, 84 S.Ct. 494, 11 L.Ed.2d 421 (1964). *See* 3 Wright, Federal Practice and Procedure § 724, at 203 (1969).

Counsel were informed of the communication to the jury two hours after it had been given, and any objection to the continuation of jury deliberations could have been taken effectively at that time. The intervening request for the testimony of a key witness indicated that the jury had received the court's instruction to continue in a responsive manner and was deliberating in a responsible and conscientious fashion. The jury did not request and Judge Carter did not give legal instructions in the absence of defendant and defense counsel. Nor did the judge comment on the form or acceptability of the verdict in response to a jury inquiry. These factual circumstances distinguish the case before us from *Rogers v. United States, supra,* and *Shields v. United States,* 273 U.S. 583, 47 S.Ct. 478, 71 L.Ed. 787 (1927). Accordingly, upon a consideration of the non-prejudicial nature of the court's communication to the jury and the absence of objection, we find no plain error requiring reversal.

We turn now to appellant's other claims of error, which may be disposed of in more summary fashion. He argues that the District Court erred in instructing the jury that it could properly reach a guilty verdict without finding that the source of his unreported income was the purchase and sale of heroin, as averred in the indictment which charged him with attempted income tax evasion. Appellant contends that such instructions effectively amended the indictment and violated the rule against prejudicial variance enunciated in *Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). We disagree. The essential elements of the violation charged were the realization of substantial unreported income by the defendant and the wilful and knowing attempt to evade payment of the income tax due. *Sansone v.*

*United States,* 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). To establish these elements the government introduced evidence under both the specific items and the expenditures methods of proof. From the totality of the evidence the jury could reasonably and properly have inferred the existence of the essential elements without finding beyond a reasonable doubt that the specific source of the income was heroin transactions. *United States v. Massei,* 355 U.S. 595, 78 S.Ct. 495, 2 L.Ed.2d 517 (1958). The averment in the indictment of this source may be treated as surplusage; since it is not essential to the proof of the violation charged, the jury may be instructed to disregard it. *United States v. Cirami,* 510 F.2d 69 (2d Cir.), *cert. denied,* 421 U.S. 964, 95 S.Ct. 1952, 44 L.Ed.2d 451 (1975); *United States v. Colasurdo,* 453 F.2d 585, 590–591 (2d Cir. 1971), *cert. denied,* 406 U.S. 917, 92 S.Ct. 1766, 32 L.Ed.2d 116 (1972); *see United States v. Rosenblum,* 176 F.2d 321, 323–324 (7th Cir.), *cert. denied,* 338 U.S. 893, 70 S.Ct. 239, 94 L.Ed. 548 (1949).

We also find appellant's attack on the supplemental charge delivered by Judge Carter to be unpersuasive. At the close of its first day of deliberations, the jury sent Judge Carter a note which stated that one juror felt that the defendant had not received a fair trial and asked if this meant that it would be unable to return a verdict. Judge Carter sent the jury home for the evening and the next morning gave supplementary instructions emphasizing the jury's duty to find the facts based on the evidence presented. In addition, Judge Carter gave a modified *Allen* charge.

This Court has regularly upheld such a modified *Allen* charge. *See e. g., United States v. Bermudez,* 526 F.2d 89, 99–100 (2d Cir. 1975); *United States v. Tyers,* 487 F.2d 828, 832 (2d Cir. 1973), *cert. denied,* 416 U.S. 971, 94 S.Ct. 1995, 40 L.Ed.2d 560 (1974); *United States v. Birrell,* 447 F.2d 1168, 1173 (2d Cir. 1971), *cert. denied,* 404 U.S. 1025, 92 S.Ct. 675, 30 L.Ed.2d 675 (1972). We find nothing in the charge in this case which exceeds the permissible encouragement of the jurors to pursue their deliberations toward a verdict, if possible, in order to avoid the expense and delay of a new trial. The jury was neither coerced nor directed toward any verdict. *Bermudez, supra* at 100. In his supplementary instructions Judge Carter responsibly and properly dealt with the concern voiced by one juror concerning the fairness of the trial by correctly delineating the respective responsibilities of the court and the jury. In these circumstances the District Court's reference to the reviewing responsibility of the Court of Appeals over its conclusions of law neither coerced the jury in its determination of the facts nor undermined the seriousness and conscientiousness with which it undertook them. *See, e. g., United States v. Marchese,* 438 F.2d 452, 455 (2d Cir. 1971), *cert. denied,* 402 U.S. 1012, 91 S.Ct. 2188, 29 L.Ed.2d 435 (1971).

Finally, we find no merit in the claim that the prosecutor improperly called the jury's attention to defendant's decision not to testify in his own behalf. *Cf. Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965). We have repeatedly held that the prosecutor may comment upon the defense's failure to contradict the government's case. *United States ex rel. Leak v. Follette,* 418 F.2d 1266, 1268–1270 (2d Cir. 1969), *cert. denied,* 397 U.S. 1050, 90 S.Ct. 1388, 25 L.Ed.2d 665 (1970). This is particularly proper where contradictory testimony was potentially available from witnesses other than the defendant himself. *United States v. Lipton,* 467 F.2d 1161 (2d Cir. 1972), *cert. denied,* 410 U.S. 927, 93 S.Ct. 1358, 35 L.Ed.2d 587 (1973); *United States v. Deutsch,* 451 F.2d 98, 117 (2d Cir. 1971), *cert. denied,* 404 U.S. 1019, 92 S.Ct. 682, 30 L.Ed.2d 667 (1972). The remarks of the prosecutor in this case were not of such character that a jury would naturally and necessarily take them as comment on the failure of the defendant to testify, and therefore were not unfairly prejudicial. *United States ex rel. Leak v. Follette, supra.*

We have considered appellant's other assignments of error and find them to be

without merit. For the foregoing reasons, we affirm the judgment of conviction.