**Richard DeVINCENT, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. A. No. 78–2008–C.**

United States District Court, D. Massachusetts.

Dec. 15, 1978.

Richard F. DeVincent, Steilacoom, Wash., pro se.

Martin D. Boudreau, Sp. Atty., Dept. of Justice, Boston, Mass., for respondent.

## MEMORANDUM

CAFFREY, Chief Judge.

This matter came before the Court on petitioner Richard DeVincent's motion to vacate sentence under 28 U.S.C.A. § 2255. DeVincent was convicted of conspiring to make, and of making, an extortionate extension of credit, i. e., "loansharking," in violation of 18 U.S.C.A. § 892(a). DeVincent was sentenced to eight years imprisonment on May 7, 1976. Upon direct appeal, the Court of Appeals affirmed his conviction on December 8, 1976, *United States v. DeVincent*, 546 F.2d 452 (1st Cir. 1976), *cert. denied,* 431 U.S. 903, 97 S.Ct. 1694, 52 L.Ed.2d 387 (1977).

Section 2255 mandates that a hearing be held on a § 2255 petition unless "the motion and the files and records of the case conclusively show that [petitioner] is entitled to no relief." The Supreme Court has told us in *Machibrada v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962), that "the language of the statute does not strip the district courts of all discretion to exercise their common sense." Petitioner's collateral attack on his conviction raises several contentions, all of which I find have no merit.

█ At the outset, petitioner challenges several aspects of the grand jury which indicted him. For the first time, he attacks the composition of the grand jury. Any challenge now, two and one-half years after trial, is untimely. The Jury Selection and Service Act, 28 U.S.C.A. § 1867(a) provides that a motion which seeks to question compliance with the Act must be made "before the voir dire examination begins . . .." Section 1867(e) further provides that "[t]he procedures prescribed by this section shall be the exclusive means by which a person accused of a Federal Crime . . . may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title." The Court of Appeals for this Circuit requires compliance with the express statutory requirements in

order to question the validity of a plan adopted and followed pursuant to the Jury Selection and Service Act. *United States v. D'Alora,* 585 F.2d 16, 22 (1st Cir. 1978). In the instant matter, petitioner made no challenge to the grand jury at the time of trial, nor did he challenge the grand jury on direct appeal from his conviction. Having in mind that petitioner "did not even pay lip service to the Jury Selection and Service Act," *United States v. D'Alora, supra,* I rule that petitioner's objection to the composition of the jury panel is now precluded.

■ Additionally it should be noted that the Massachusetts District Jury Plan is similar to those used by all other United States District Courts in that jurors are selected at random from a list of registered voters. The plan has been approved by the Court of Appeals for the First Circuit, *Report on Jury Selection,* 58 F.R.D. 501 (1973), and meets the requirements of the Jury Selection and Service Act of 1968, 28 U.S.C.A. §§ 1861 *et seq.*

■ I further find no merit to petitioner's claim that he did not knowingly relinquish his right to object to the composition of the grand jury. Fed.R.Crim.P. 12(b)(2) provides in effect for waiver of a claim of unconstitutional grand jury composition if not timely asserted, "but the court for cause shown may grant relief from the waiver." There being an absence of prejudice, I rule there was no showing of "cause" for relief from the waiver provision of Rule 12(b)(2). *Davis v. United States,* 411 U.S. 233, 245, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1972).

Petitioner's claim that the life of the grand jury had been unlawfully extended is equally meritless. A review of the applicable court records reveals that the grand jury which returned the indictment had been properly impanelled as a Special Grand·Jury. A review of the record also reveals that Judge Skinner extended the life of the grand jury by an order entered in case No. E.B.D. 75–301 on December 9, 1975, pursuant to the Organized Crime Control Act of 1970, 18 U.S.C.A. § 3331.

■ Petitioner next contends that the Strike Force attorney who presented the case to the grand jury lacked adequate authorization to assist in federal prosecutions in violation of 28 U.S.C.A. § 515(a). A similar contention has already been rejected by the Court of Appeals for this Circuit, *United States v. DiMuro,* 540 F.2d 503, 517 (1st Cir. 1976), *cert. denied,* 429 U.S. 1038, 97 S.Ct. 733, 50 L.Ed.2d 749 (1977); *United States v. Morrison,* 531 F.2d 1089 (1st Cir. 1976), *cert. denied,* 429 U.S. 837, 97 S.Ct. 104, 50 L.Ed.2d 103 (1977), and is therefore without merit.

■ DeVincent also attempts to find fault with the indictment under which he was tried and convicted. Having in mind that a duly organized special grand jury returned petitioner's indictment thereby depriving him a basis to challenge jurisdiction in this Court, *United States v. Macklin,* 523 F.2d 193, 195–96 n. 2 (2d Cir. 1975); *United States v. Wilson,* 140 U.S.App.D.C. 220, 222, 434 F.2d 494, 496 (1975); that under the applicable criminal statute, 18 U.S.C.A. § 892(b), it is not necessary to set forth an overt act in the indictment, *United States v. Smith,* 464 F.2d 1129, 1134 (2d Cir. 1972), *cert. denied,* 409 U.S. 1023, 93 S.Ct. 462, 34 L.Ed.2d 314 (1973); and that DeVincent's objections were not timely brought as required by Rule 12(b)(2), *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973); *United States v. Rodriquez,* 556 F.2d 638, 641 (2d Cir. 1977); *United States v. Coppola,* 526 F.2d 764 (10th Cir. 1975), I do not find any merit in this claim.

■ Finally, petitioner challenges the charge to the jury and the constitutionality of 18 U.S.C.A. § 892(b). In so doing, petitioner raises the same issues previously decided adversely to petitioner on direct appeal, *United States v. DeVincent, supra* at 454–55. Any matter which has been decided adversely to the accused upon direct appeal from conviction is not cognizable under a motion to vacate sentence, 28 U.S. C.A. § 2255. *United States v. Natelli,* 553 F.2d 5, 7 (2d Cir.), *cert. denied,* 434 U.S. 819, 98 S.Ct. 59, 54 L.Ed.2d 75 (1977). *Compare Robson v. United States,* 526 F.2d 1145, 1147 (1st Cir. 1975).

Accordingly, I rule that the files and records of this case conclusively show DeVincent is entitled to no relief.

■ In addition, this Court is without jurisdiction to consider DeVincent's petition for a writ of habeas corpus since he is imprisoned in Washington. *United States v. DiRusso,* 535 F.2d 673, 676 (1st Cir. 1976).

For the above reasons, an Order will be entered dismissing the petition.