815 F.2d 75
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael ALLEN, Petitioner-Appellant,
v.
Ronald C. MARSHALL, Respondent-Appellee.
 No. 86-3721.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1987.
 
 Before MERRITT and MILBURN, Circuit Judges; and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of appellant's motion for appointment of counsel on appeal from the district court's order denying the petition for writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's informal brief, the panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure. Appellant asserts two grounds in support of his petition for habeas relief: (1) ex parte contact between the deliberating jury and the trial judge, and (2) extraneous evidence prejudicial to petitioner was inadvertently submitted to the jury during its deliberations. A review of the record reveals that each error was harmless.
 
 
 2
 The record reflects that one or two jurors made inquiries regarding their consideration of a blackboard-drawing of the scene of petitioner's crimes to the trial judge ex parte during breaks in the jury's deliberations. In order to establish a constitutional claim, petitioner is required to show actual juror partiality resulting from such ex parte contact; he has clearly failed to do so in this case. See Smith v. Phillips, 455 U.S. 209 (1982); United States v. Pennell, 737 F.2d 521, 523 (6th Cir.1984), cert. denied, 469 U.S. 1158 (1985). The ex parte contact in question was innocuous and therefore harmless. See United States v. Giacalone, 588 F.2d 1158, 1164-5 (6th Cir.1978), cert. denied, 441 U.S. 944 (1979); United States v. Reynolds, 489 F.2d 4, 7-8 (6th Cir. 1973), cert. denied, 416 U.S. 988 (1974).
 
 
 3
 The record also reflects that documents potentially prejudicial to petitioner were erroneously submitted to the jury during deliberations. The jury quickly discovered the error and returned the documents. All members of the jury were thereafter questioned about the documents, and all responded that no information prejudicial to petitioner had been gleaned from the documents. The jury was then instructed to resume its deliberations, but to mark those verdicts which it had rendered to that point. The record clearly reflects that all guilty verdicts pertaining to petitioner had been rendered by the jury prior to the inadvertent error. The error was therefore harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18 (1967).
 
 
 4
 Therefore, the motion for counsel is hereby denied, and the judgment of the district court is hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.