35 F.3d 558
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samuel SMITH, a/k/a Buster, Defendant-Appellant.
 No. 93-5710.
 United States Court of Appeals, Fourth Circuit.
 Argued June 10, 1994.
Decided Sept. 7, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. William M. Kidd, Senior District Judge. (CR-90-35)
 John Christian Yoder, Harpers Ferry, WV, for Appellant.
 Thomas Oliver Mucklow, Asst. U.S. Atty., Wheeling, WV, for appellee.
 William D. Wilmoth, U.S. Atty., Wheeling, WV, for appellee.
 N.D.W.Va.
 N.D.W.Va.
 AFFIRMED.
 Before RUSSELL and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Samuel Smith appeals from a district court judgment finding him guilty of distributing crack cocaine in violation of 21 U.S.C. Sec. 841(a)(1). On appeal, Smith contends that the delay of over two years between his indictment and his arrest violated his Sixth Amendment right to a speedy trial. We do not agree and therefore affirm.
 
 
 2
 The criteria for assessing a speedy trial claim are set forth in Barker v. Wingo, 407 U.S. 514 (1972). Under Barker a court should weigh four factors: (1)the length of the delay, (2)the reason for the delay, (3)the defendant's assertion of his right to a speedy trial, and (4)the extent of prejudice to the defendant. Id. at 530.
 
 
 3
 As for the first factor (length of delay), the two-year delay here is "presumptively prejudicial" and thus sufficient to trigger a speedy trial inquiry. Doggett v. United States, 112 S.Ct. 2686, 2691 n. 1 (1992) (suggesting that "postaccusation delay[is likely] 'presumptively prejudicial' at least as it approaches one year"). We discuss delay more fully below under the fourth factor because the presumption of prejudice intensifies as "the delay stretches beyond the bare minimum needed to trigger judicial examination...." Id. at 2691.
 
 
 4
 As for the second factor (reason for delay), the record reflects that the delay stemmed from the government's inability to locate Smith. Although the district court found that the government could have been more diligent in searching for Smith, the record also reflects that Smith moved about a bit, making him more difficult to find. The district court's findings reveal that the government was no more than minimally negligent in its lack of diligence. Thus, the second factor weighs against the government, but not heavily. See, e.g., Robinson v. Whitley, 2 F.3d 562, 569 (5th Cir.1993), cert. denied, 114 S.Ct. 1197 (1994) (stating "a 'neutral reason' such as negligence weighs less heavily against the state"); Hakeem v. Beyer, 990 F.2d 750, 766 (3d Cir.1993) (same).
 
 
 5
 As for the third factor (assertion of the right), Smith promptly asserted his speedy trial right, so this factor weighs in his favor.
 
 
 6
 Accordingly, we proceed to the fourth Barker factor, prejudice to the defendant. This factor occupies a " 'critical' " role in the Barker balancing test. See Ricon v. Garrison, 517 F.2d 628, 634 (4th Cir.), cert. denied, 423 U.S. 895 (1975) (quoting United States v. Reynolds, 489 F.2d 4, 7 (6th Cir.1973), cert. denied, 416 U.S. 988 (1974)). The district court rejected Smith's Sixth Amendment claim based on its finding that there was no evidence that Smith was actually prejudiced by the delay. Doggett teaches that the importance of delay increases with its length. Doggett, 112 S.Ct. at 2691. Doggett also teaches that the significance of the government's culpability increases with the degree of that culpability. Id. at 2693. Where the length of delay and degree of government culpability are minimal, the defendant's need to make a particularized showing of prejudice is heightened. See id. at 2694.
 
 
 7
 The record in this case reflects a delay of just over one year beyond the minimum necessary to trigger a speedy trial inquiry. The district court found the government only minimally blameworthy for the delay, noting that while the government did not search for Smith with the utmost diligence, its difficulties in locating him were somewhat understandable because of Smith's transience. The district court's findings are entitled to considerable deference. Id. at 2691.
 
 
 8
 We also note Smith's inability to make any particularized showing of prejudice. He merely contends generally that the delay affected the memories and availability of witnesses. He does not, however, specifically identify the witnesses that are allegedly unavailable or discuss how the allegedly forgotten information could have impaired his defense. This is an insufficient showing of prejudice. See Nelson v. Hargett, 989 F.2d 847, 853 (5th Cir.1993) (stating that conclusory and "vague allusions" to the absence of witnesses and the memory loss of others "are insufficient to establish prejudice under Barker and its progeny"); Hakeem, 990 F.2d at 763 (stating "[g]eneral allegations that witnesses' memories have faded are insufficient to create prejudice, at least absent extreme delay such as eight and one-half years, or the special circumstances that existed in Doggett ").
 
 
 9
 After weighing the Barker factors--and taking particular note that the government's fault for the two-year delay was minimal and that Smith did not establish prejudice--we find no violation of Smith's Sixth Amendment right to a speedy trial. Accordingly, the judgment of the district court is affirmed.*
 
 AFFIRMED
 
 
 *
 We have considered Smith's other arguments and conclude that they also lack merit