OPINION
{¶ 1} On May 3, 2004 this Court granted Appellant Bradley L. Wilhelm's petition for an order re-opening the direct appeal in the within case based upon App. R. 26 (B) and Supreme Court directive contained State v. Murnahan (1992),63 Ohio St. 3d 60. Appellant urges, inter alia, that he was denied the effective assistance of appellant counsel in the direct appeal to this court from February 19, 2003 and May 7, 2003 convictions in the Court of Common Pleas, Knox County, on the charges of three counts of intimidation in violation of R.C. 2921.03 (A) and one count of having weapons while under disability in violation of R.C. 2923.13.
 {¶ 2} In State v. Wilhelm (January 7, 2004), 5th Dist. No. 03-CA-000025 and 03-CA-000026, we affirmed the aforesaid conviction, overruling the seven assignments of error raised by appellant. For a complete factual background of this case see,State v. Wilhelm, supra.
 {¶ 3} The appellee is the State of Ohio.
 {¶ 4} Appellant herein raises six assignments of error, to wit:
 {¶ 5} "Where thirteen jurors are seated for a jury trial, and at the termination of the charge to the jury, and before the jury retires, it is prejudicial error for the jury commissioner to be instructed to `Shuffle' the jury cards in as manner so that the juror's cards are fanned out like a Canasta had, names completely visible to the commissioner, who then selects one of the juror's cards and reads the name on the card, and this juror is the alternate juror, who is then dismissed, in violation of Criminal Rule 24 (F)"
 {¶ 6} "Pursuant to criminal rule 43 (a), a criminal defendant has a right to be present at all states of the proceedings against him, including any communications between the trial and the jury, and where the judge, on numerous occasions, enters the jury room, gives additional statements of the law, makes derogatory comments and/or jokes about the ten to two split of the jury, and finally, loudly cries `I want a decision tonight!' the defendant has been denied a fair trial, due process of law, and equal protection of the laws guaranteed him by the 14th
amendment to the U.S. constitution, and Art. 1, Section 10 of the Ohio Constitution.
 {¶ 7} "Where a defendant is convicted of three counts of intimidation against three people and the crimes were not committed separately and there was no separate animus for each Crime, R.C. 2941.25 (A) provides that such defendant may only be convicted of one such offense.
 {¶ 8} "Where the prosecution fails to give to the defense material, exculpatory evidence favorable to the defense, it violates the due process right of the defendant under thefourteenth amendment to a fair trial, irrespective of the good faith or bad faith of the prosecution, and the defense does not have to satisfy the severe burden that the evidence would have resulted in an acquittal, under an abuse of discretion standard."
 {¶ 9} "Where the over all performance of trial counsel is such that appellant did not receive a fair trial and appellat ecounsel inartfully raises the issue as to only argue failure to request instruction on lesser included offense, but fails to include other more egregious errors and omission, the appellant has not only been denied effective assistance of trial counsel, but of appellate counsel as well."
 {¶ 10} "Where an indictment for assault on firefighters has been pending for several months, and the express reading of the statute establishes that the enhancement from misdemeanor to a felony is only for `full time, paid' firefighters, and it has always been undisputed that all the Firefighters Ere `Volunteers' and the indictment charging the enhanced felony is therefore defective, and where counsel for the defendant is ineffective for not carefully reading the statute and filing a motion to dismiss the indictment pursuant ot Criminal Rule 12, which would result in a Mandatory dismissal of the Felony assaults, and further, where a new indictment for the same conduct charging Felony Intimidation had not yet been personally served upon the defendant, and in the meantime, the appellant apprehended while hunting and charged with weapons under disability, counsel's performance was outside the wide range of professionally competent assistance and, but for the ineffectiveness, the appelant would not have been found guilty."
 {¶ 11} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668. Ohio adopted this standard in the case of State v. Bradley (1989), 42 Ohio St. 3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
 {¶ 12} First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and volatile of any of his essential duties to the client. If we find an effective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the liability of the outcome of the proceedings is suspect. This requires a showing that there is reasonable probability that but for counsel's unprofessional error, the outcome of the proceeding would have been different. According to the United States Supreme Court and the Ohio Supreme Court, a reviewing court "* * * need not determine whether counsel's performance was deficient for examining the prejudices suffered by the defendant as a result of the alleged deficiencies." Bradley, supra, at 143, quoting Strickland,
supra, at 697.
 {¶ 13} As we read appellant's brief he appears to raise the following issues that his appellate counsel purportedly failed to raise: (1) error in the selection of the dismissal of the alternate juror; (2) ex parte communications between the trial judge and the jurors; (3) no separate animus for the three counts of intimidation; (4) Brady violations; (5) ineffective assistance of trial counsel; and (6) failure of trial counsel to move to dismiss the felony indictment for assaulting a firefighter.
 I. {¶ 14} In his first assignment of error, appellant argues error in the selection and dismissal of the alternate juror. We disagree.
 {¶ 15} Appellant first alludes to matters not contained in the trial court record. In State v. Hooks (2001),92 Ohio St.3d 83,2001-Ohio-150,748 N.E.2d 528, the Court noted: "[h]owever, a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, State v.Ishmail (1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. Nor can the effectiveness of appellate counsel be judged by adding new matter to the record and then arguing that counsel should have raised these new issues revealed by this newly added material." Id.
 {¶ 16} Further, appellant has failed to provide this court with a transcript of voir dire and the jury selection process. "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record * * * this principle is recognized in App. R. 9 (B), which provides, in part, that "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the records * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus as to those assigned errors the court has no choice but to presume the validity of the lower court's proceedings and affirm." Knapp v. Edwards Laboratories (1980)61 Ohio St. 2d 197, 400 N.E. 2d 384.
 {¶ 17} In any event, to succeed on this claim, the appellant must show that the error affected the defendant's substantial rights-i.e., that is that it caused actual prejudice to the defendant. United States v. Delgado (6th Cir. 2003),350 F. 3d 520. Without any transcript we must presume the regularity in the proceedings. Accordingly, all prospective jurors were passed for cause and presumably impartial. Delgado, supra. Appellant's assertion that the juror excused was favorable to him is "nothing more than speculation-and speculation cannot support a finding of actual prejudice." Delgado, supra. (Citations omitted). With out demonstrating the procedure employed affected appellant's substitutive rights any error was harmless. Id.
 {¶ 18} Accordingly, appellant's first assignment of error is overruled.
 III. {¶ 19} Appellant in his third proposition of law seems to argue the trial and appellate counsel were deficient in not arguing the multiple counts provision of R.C. 2941.25 (A).
 {¶ 20} In State v. Maddern (May 12, 2000), 5th Dist. No. 99CA00273 this court stated: "[t]he Ohio Supreme Court considered this issue in State v. Jones (1985), 18 Ohio St. 3d 116,480 N.E. 2d 408. In Jones, two passengers in the defendant's automobile were killed as a result of defendant's reckless operation of his vehicle. The Supreme Court found the defendant's conducted constituted two offenses of dissimilar import. The "import" being each person killed. Therefore, Supreme Court concluded, the defendant was lawfully convicted and sentenced on both counts."
 {¶ 21} In this case, appellant was convicted of three counts of intimidation pertaining to three different victims. We find there was no need for a R.C. 2941.25 hearing, because, pursuant to Jones, supra, the three offenses of intimidation involving three different victims even though arising from one course of contract, were offenses of dissimilar import as a matter of law.
 {¶ 22} Accordingly, appellant's third assignment of error is overruled.
 IV. {¶ 23} In his fourth proposed assignment of error appellant contents that the prosecution failed to disclose exculpatory evidence. We rejected appellant's assignment of error IV on appellant's appeal before this court. See, State v. Wilhelm
(January 7, 2004), 5th Dist. No. 03CA000025, 03CA000026 at paragraph 33-42. Accordingly, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v. Smith95 Ohio St. 3d 127, 2002-Ohio-1753.
 {¶ 24} Appellant's fourth assignment of error is overruled.
 VI {¶ 25} In his sixth assignment of error, appellant essentially is arguing that trial counsel was ineffective in not moving to dismiss the September 10, 2002 indictment on three counts of assault of a firefighter, felonies of the fourth degree. We rejected appellant's argument on appellant's appeal before this court. See, State v. Wilhelm (January 7, 2004), 5th Dist. No. 03CA000025, 03CA000026 at paragraph 33-42. Accordingly, we find that this issue raises "no genuine issue as to whether [he] was deprived of the effective assistance of counsel on appeal * * *" State v. Smith 95 Ohio St. 3d 127,2002-Ohio-1753.
 {¶ 26} Appellant's sixth assignment of error is overruled.
 II, V {¶ 27} In his assignments of error II, V, appellant alleges he did not receive a fair trial due to the judge's ex parte communications with the jurors during the trial. He alleges in errors V, that his trial and appellate counsels were ineffective for failure to object and raise this error.
 {¶ 28} As a general rule, any communication with the jury outside the presence of the defendant or parties to a case by either the judge or court personnel is error which may warrant the ordering of a new trial. Rushen v. Spain (1983),464 U.S. 114, Remmer v. United States (1954), 347 U.S. 227, Bostic v.Connor (1988), 37 Ohio St. 3d 144, 149, 524 N.E. 2d 881, 886.
 {¶ 29} Private communications outside the presence of the defendant, does not, however, create a conclusive presumption of prejudice. Remmer v. United States, supra, at 229; State v.Jenkins (1984), 15 Ohio St. 3d 164, 236-237, 473 N.E. 2d 264.
 {¶ 30} A defendant has a constitutional right to be present at a proceeding "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge . . . [T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only." Snyder v.Massachusetts, 291 U.S. 97, 105-106, 54 S.Ct. 330, 332,78 L.Ed. 674 (1934).
 {¶ 31} In United States v. Giacalone (6th Cir. 1978),588 F.2d 1158, 1164-65, the court noted: "[a]lthough it may have been technically in error for the trial judge to have made even this limited response to the jury, the error was not under the circumstances prejudicial. As we held in United States v.Reynolds, 489 F.2d 4 (6th Cir. 1973), Cert. denied,416 U.S. 988, 94 S.Ct. 2395, 40 L.Ed.2d 766 (1974), the rule requiring that a defendant be present at all stages of the trial must be considered with Rule 52(a), Fed.R.Crim.P., providing that harmless error is to be disregarded, citing United States v.Gradsky, 434 F.2d 880 (5th Cir. 1970), Cert. denied,401 U.S. 925, 91 S.Ct. 884, 27 L.Ed.2d 828 (1971), 409 U.S. 894 (1972); and Yates v. United States, 418 F.2d 1228 (6th Cir. 1969). Thus we held that a forbidden communication will not always be reversible and that the standard is whether there is `any reasonable possibility of prejudice.' 489 F.2d at 8, QuotingWade v. United States, 142 U.S.App.D.C. 356, 441 F.2d 1046,1050 (1971)."
 {¶ 32} Appellant has submitted his affidavit and the affidavits of several family members in support of this assignment of error. To the extent that appellant's arguments rely on matters outside the record, those arguments are rejected.State v. Hooks, supra.
 {¶ 33} However, the record does support appellant's claim that the trial judge along with the court reporter went into the jury room on several occasions and answered questions. It appears from the transcript that on several of these occasions, the judge went further than he had explained to counsel and on other occasions counsel was not informed as to questions that the judge answered in the jury room.
 {¶ 34} The jury began deliberations in appellant's case at 11:38 A.M. (2T. at 260). At 5:22 P.M. the trial judge, without the appellant or counsel, entered the jury room and inquired as to whether the jury wished to stay and deliberate further or come back the next morning. Id. at 269-70. The following exchange then took place:
 {¶ 35} [Juror]: "We voted completely on one. We don't — we're ten against two on the other one."
 {¶ 36} [The Court]: "Well, my question for you is do you think you want to stay tonight and get this resolved, or do you want to — do you think that if you came back tomorrow morning everybody fresh, you would — it would make a difference?"
 {¶ 37} [Juror]: "I don't think coming back tomorrow —
 {¶ 38} [Juror]: "I think our dissenters would have to answer that question."
 {¶ 39} [The Court] "If you get to the point where you think you're just not going to reach an agreement, then let me know. I don't know if you're there yet or not."
 {¶ 40} [Juror]: We do have one question. Can we vote on that and not on this?'
 {¶ 41} [The Court]: "You have to deliberate on both of them."
 {¶ 42} [Juror]: "We have deliberated on both, but can we make a decision on one case but not the other and —"
 {¶ 43} [Juror]: "And be hung on the other?"
 {¶ 44} [The Court]: "Yes, you can. I'm not encouraging you do that."
 {¶ 45} [Juror]: "I understand that."
 {¶ 46} (2T. at 270-71). After more discussions about the state of the jury deciding to stay or go home the following exchange took place:
 {¶ 47} [Juror]: "My concern is that — we just spoke amongst ourselves — is that we're in the process of convincing ourselves of things rather than what the evidence that's been presented to us convince us of."
 {¶ 48} [The Court]: "That's what juries do."
 {¶ 49} Id. at 272. The record establishes that counsel was not informed of this exchange, the jury having difficulty reaching a decision, or the jury relying on matters other than the evidence.
 {¶ 50} In United States v. United States Gypsum Co. (1978),438 U.S. 422, 98 S.Ct. 2864, the District Judge suggested that he meet alone with the jury foreman and counsel acquiesced. The transcript of the meeting, which was initially impounded but released for purposes of the appeal, contained several references by the foreman to the jury's deadlock, as well as an exchange suggesting the strong likelihood that the foreman carried away from the meeting the impression that the judge wanted a verdict "one way or the other." The judge's report to counsel summarizing the discussion made no reference to either of these matters. Id. at 460, 98 S.Ct. at 2885. The exchange at issue in United StatesGypsum Co. was as follows:
 {¶ 51} "THE COURT. I would like to ask the jurors to continue their deliberations and I will take into consideration what you have told me. That is all I can say.
 {¶ 52} "MR. RUSSELL. I appreciate it. It is a situation I don't know how to help you get what you are after.
 {¶ 53} "THE COURT. Oh, I am not after anything.
 {¶ 54} "MR. RUSSELL. You are after a verdict one way or the other.
 {¶ 55} "THE COURT. Which way it goes doesn't make any difference to me."
 {¶ 56} The court held:
 {¶ 57} "Certainly none of the parties waived the right to a full and accurate report of what transpired at the meeting nor did they agree that the judge was to repeat the instructions as to his understandable reluctance to accept the jury's inability to reach a verdict. Because neither counsel received a full report from the judge, they were not aware of the scope of the conversation between the foreman and the judge, of the judge's statement that the jury should continue to deliberate in order to reach a verdict, or of the real risk that the foreman's impression was that a verdict "one way or the other" was required. Counsels were thus denied any opportunity to clear up the confusion regarding the judge's direction to the foreman, which could readily have been accomplished by requesting that the whole jury be called into the courtroom for a clarifying instruction. See Rogers v. United States, 422 U.S. 35, 38,95 S.Ct. 2091, 2094, 45 L.Ed.2d 1 (1975); Fillippon v. Albion VeinSlate Co., 250 U.S. 76, 81, 39 S.Ct. 435, 436, 63 L.Ed. 853
(1919). Thus, it is not simply the action of the judge in having the private meeting with the jury foreman, standing alone — undesirable as that procedure is — which constitutes the error; rather, it is the fact that the ex parte discussion was inadvertently allowed to drift into what amounted to a supplemental instruction to the foreman relating to the jury's obligation to return a verdict, coupled with the fact that counsel were denied any chance to correct whatever mistaken impression the foreman might have taken from this conversation, that we find most troubling.
 {¶ 58} "While it is, of course, impossible to gauge what part the disputed meeting played in the jury's action of returning a verdict the following morning, this swift resolution of the issues in the face of positive prior indications of hopeless deadlock, at the very least, gives rise to serious questions in this regard. Cf. Rogers v. United States, supra,422 U.S., at 40-41, 95 S.Ct. at 2095. In Jenkins v. United States,380 U.S. 445, 85 S.Ct. 1059, 13 L.Ed.2d 957 (1965), we held an instruction directing the jury that it had to reach a verdict was reversible error; the logic of Jenkins cannot be said to be inapposite here, given the peculiar circumstances in which discussions between the judge and the foreman took place.
 {¶ 59} "We are persuaded that the Court of Appeals would have been justified in reversing the convictions solely because of the risk that the foreman believed the court was insisting on a dispositive verdict; a belief which we must assume was promptly conveyed to the jurors. The unintended direction of the colloquy between the judge and the jury foreman illustrates the hazards ofex parte communications with a deliberating jury or any of its members."
 {¶ 60} Id. at 461-62, 98 S.Ct. at 2885-86.
 {¶ 61} In the case at bar, the colloquy between the trial judge and the jurors conveyed the impression that the trial judge was requesting a dispositive verdict, and further that the jury could properly ignore the evidence and base it's "decision on convincing ourselves of things rather than what the evidence that's been presented to us convince us of." (2T. at 272). Because the court did not inform counsel of the meeting or the substance of the discussions counsel were denied any opportunity to clear up the confusion regarding the judge's direction to the jury, which could readily have been accomplished by requesting that the whole jury be called into the courtroom for a clarifying instruction. United States Gypsum Co., supra.
 {¶ 62} In the case at bar, we find the ex parte
communication between judge and jury involved the possibility that the jury's verdict might have been influenced by the judge's response. Accordingly we find a reasonable possibility that appellant has been prejudiced.
 {¶ 63} Accordingly, the appellant's second, and to the extent applicable, fifth assignments of error are sustained.
 {¶ 64} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is hereby affirmed in part and reversed in part. Appellant's convictions and sentences for three counts of intimidation in violation of R.C. 2921.03 (A) are reversed. Appellant's conviction for one count of having weapons while under disability in violation of R.C. 2923.13 is affirmed. The case is remanded to the Knox County Court of Common Pleas for further proceedings consistent with this opinion.
Gwin, P.J., Wise, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Knox County, Ohio, is hereby affirmed in part and reversed in part. Appellant's convictions and sentences for three counts of intimidation in violation of R.C. 2921.03 (A) are reversed. Appellant's conviction for one count of having weapons while under disability in violation of R.C. 2923.13 is affirmed. The case is remanded to the Knox County Court of Common Pleas for further proceedings consistent with this opinion. Costs to appellee.