OPINION
{¶ 1} Defendant-appellant Bradley Wilhelm appeals from the May 24, 2004, Judgment Entry of the Knox County Court of Common Pleas which denied appellant's petition to vacate or set aside judgment of conviction, filed February 20, 2004. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On September 10, 2002, appellant was indicted on three counts of felony assault, in violation of R.C. 2903.03(C)(3). On December 2, 2002, appellant was indicted on three counts of intimidation, in violation of R.C. 2921.03(A). Subsequently, on January 6, 2003, appellant was indicted on one count of having weapons while under disability, in violation of R.C. 2923.13, with firearm specification.
 {¶ 3} The assault and intimidation indictments were consolidated. A jury trial on those counts was held on February 19, 2003. Following deliberations, the jury returned a verdict of not guilty on all three counts of assault and returned a verdict of guilty on the three counts of intimidation. By Sentencing Entry filed on July 22, 2003, appellant was sentenced to a three year term of community control sanctions.
 {¶ 4} As to the charge of carrying weapons while under disability, appellant pled no contest on May 7, 2003. By Sentencing Entry filed July 21, 2003, appellant was sentenced to a three year term of community control sanctions.
 {¶ 5} Appellant appealed from both convictions. Upon initial review, appellant's convictions on the three counts of intimidation and one count of having weapons while under disability were affirmed. State v.Wilhelm, Knox App. Nos. 03CA000025, 03CA000026, 2004-Ohio-40. Subsequently, appellant filed a petition to re-open his direct appeal. This court granted appellant's petition. Upon consideration of the assignments of error presented by appellant, appellant's conviction on the three counts of intimidation was reversed. Appellant's conviction on one count of having weapons while under disability was affirmed. SeeState v. Wilhelm (Oct. 15, 2004), Knox App. Nos. 03-CA-25 and 03-CA-26,2004-Ohio-5522.
 {¶ 6} In the meantime, on February 20, 2004, appellant filed a petition to vacate or set aside judgment of conviction in the trial court, pursuant to R.C. 2953.21 (petition for Post-conviction Relief.) By Judgment Entry entered May 24, 2004, the trial court overruled appellant's petition.
 {¶ 7} It is from the May 24, 2004, Judgment Entry of the trial court that appellant appeals, raising the following six assignments of error:
 {¶ 8} "I. Where thirteen jurors are seated for a jury trial, and at the termination of the charge to the jury, and before the jury retires, it is prejudicial error for the jury commissioner to be instructed to `shuffle' the jury cards in as [sic] manner so that the juror's cards are fanned out like a canasta hand, names completely visible to the commissioner, who then selects one of the juror's cards and reads the name on the card, and this juror is the alternate juror, who is then dismissed, in violation of Criminal Rule 24(F).
 {¶ 9} "II. Pursuant to criminal rule 43(a), a criminal defendant has a right to be present at all stages of the proceedings against him, including any communications between the trial and the jury, and where the judge, on numerous occasions, enters the jury room, gives additional statements of the law, makes derogatory comments and/or jokes about the ten to two split of the jury, suggests that evidence outside the record can be considered by juries, and finally, loudly cries `i want a decision tonight!' the defendant has been denied a fair trial, due process of law, and equal protection of the laws guaranteed him by the 14th
amendment to the U.S. Constitution, and Art. 1, Section 10 of the Ohio Constitution.
 {¶ 10} "III. Where a defendant is convicted of three counts of intimidation against three people and the crimes were not committed separately and there was no separate animus for each crime, R.C. 2941.25(a) provides that such defendant may only be convicted of one such offense.
 {¶ 11} "IV. Where the prosecution fails to give to the defense material, exculpatory evidence favorable to the defense, it violates the due process right of the defendant under the fourteenth amendment to [sic] a fair trial, irrespective of the good faith or bad faith of the prosecution, and the defense does not have to satisfy the severe burden that the evidence would have resulted in an acquittal, under an abuse of discretion standard.
 {¶ 12} "V. Where the over all performance of trial counsel is such that defendant did not receive a fair trial he has been denied effective assistance of trial counsel.
 {¶ 13} "VI. Where an indictment for assault on firefighters has been pending for several months, and the express reading of the statute establishes that the enhancement from a misdemeanor to a felony is only for `full time, paid' firefighters, and it has always been undisputed that all the firefighters were `volunteers' and the indictment charging enhanced felony is therefore defective, and where counsel for the defendant is ineffective for not carefully reading the statute and filing a motion to dismiss the indictment pursuant to Criminal Rule 12, which would result in a mandatory dismissal of the felony assaults, and further, where a new indictment for the same conduct charging felony intimidation had not yet been personally served upon the defendant, and in the meantime, the defendant apprehended [sic] while hunting and charged with weapons under disability, counsel's performance was outside the wide range of professionally competent assistance and, but for the ineffectiveness, the defendant would not have been found guilty."
 {¶ 14} Appellant has presented two appeals from two cases, one involving the convictions for intimidation and one involving the conviction for having weapons while under disability, in one, combined merit brief. As such, this court will address both appeals in one, consolidated opinion.
 I, II, III, IV, V {¶ 15} Appellant's first, second, third, fourth and fifth assignments of error concern appellant's conviction on three counts of intimidation. However, this court reversed those convictions in State v. Wilhelm, Knox App. No. 03-CA-25, 03-CA-26, 2004-Ohio-5522.
 {¶ 16} Accordingly, appellant's first, second, third, fourth and fifth assignments of error are overruled as moot.
 VI {¶ 17} Appellant's sixth and final assignment of error concerns his conviction on one count of having weapons while under disability, although it also concerns the felony assault charges. The charge of having weapons while under disability arose from appellant's possession of a shotgun while he was under indictment for the three counts of felony assault.[1] In essence, appellant contends that his trial counsel was ineffective for failing to file a motion to dismiss in the felony assault case.[2] Appellant asserts that the motion to dismiss would have been granted, presumably prior to the date appellant possessed the shotgun which resulted in the having weapons while under disability charge. Thus, appellant argues that he would not have been convicted on the having weapons while under disability charge.
 {¶ 18} We will first address this court's standard of review. In Statev. Jackson (1980), 64 Ohio St.2d 107, 413 N.E.2d 819, syllabus, the Supreme Court of Ohio held the following: "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness"
 {¶ 19} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential.Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley,supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 142.
 {¶ 20} Upon review, we find that what appellant is really arguing is that trial counsel was ineffective in the other case, the felony assault case. Appellant cannot claim ineffective assistance of counsel in this case based upon actions of counsel in another case. The assault charges were brought under separate indictment and tried in a separate trial. This distinction is somewhat blurred since appellant presented the appeals from these two cases in one brief. However, the cases are separate and distinct.
 {¶ 21} Further, even if one accepts appellants' argument and assumes appellant is correct that the assault charges should have been brought as misdemeanors, the assertion that the trial court in the felony assault charges would have dismissed the charges before appellant was found in possession of a weapon is speculative. Accordingly, appellant's argument fails.
 {¶ 22} Appellant's sixth assignment of error is overruled.
 {¶ 23} The judgment of the Knox County Court of Common Pleas is affirmed.
Edwards, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Although appellant was also charged with three counts of felony intimation, he argues that he had not yet been personally served with that indictment.
[2] Appellant contends that the charges on the alleged assaults were enhanced to felonies because the state asserted that the victims of the assaults were "firemen," as defined in R.C. 2903.13. However, appellant contends that since these firemen were volunteer firemen rather than paid fireman, the state was wrong when it enhanced the assault charges to felonies. Appellant argues that since the assault charges should have been brought as misdemeanors, the trial court would have dismissed the felony charges and appellant could not have been convicted of having a weapon while under disability.